## The People *ex rel* Hudson v. Butler.

MANDAMUS : *Mechanic's lien against state buildings.*   Where commis-
sioners of public buildings contract with A for the erection of a
building for the State, — e.g., a State lunatic asylum, — a sub-
contractor who has done work or furnished material is not entitled
to mandamus upon the commissioners to compel them to draw
their warrant upon the fund appropriated for the erection of the
building.

*Argument* 1. The mechanic's lien law does not apply to build-
ings erected by the State for public uses, because the State can-
not be sued.

2. The commissioners are not bound to recognize any one but
the party with whom they contract.

3. The inconveniences of any other rule would be very great.

LAKE, J.

This is an original application to this Court for a
writ of mandamus to compel the defendants to draw their
warrant through the auditor upon the State Treasurer
for the sum of eight hundred dollars, which the peti-
tion alleges is due to the relator from one Joseph
Ward, who was the contractor for the erection of the
State Lunatic Asylum.

The defendants are the commissioners acting for the
State in the erection of this building, and, in that
capacity, let the contract for the erection of it to Ward.

The relator is a sub-contractor under Ward, and, as
such, furnished the rock necessary to complete the
work.   But there was no contract therefor between
the relator and the defendants : they knew Ward only
in the transaction, and kept their accounts respecting
the building with him.

THE PEOPLE *ex rel* HUDSON *v.* BUTLER.

Under this state of facts, it is insisted by counsel for the relator that he has a lien upon the fund set apart by the legislature for the construction of this building, and that the agents of the State, the defendants, are obliged to recognize his claim, and draw a warrant upon the State Treasurer therefor.

This raises the question, whether the act familiarly known as the mechanic's lien law has any application to contracts for the erection of public buildings by the State. It is a familiar principle of law, that a State cannot be brought into court without its consent. *Briscoe* v. *the Bank of the Commonwealth of Kentucky*, 11 *Pet.*, 259 ; *Beers* v. *the State of Arkansas*, 20 *Howard*, 527. We have no statute in this State authorizing such suit to be brought. The lien law, therefore, cannot be invoked to aid the relator here : he must rely upon his remedy against the contractor. The commissioners are not bound to recognize the demands of any person other than the one with whom the contract was made.

To adopt any other rule would be productive of infinite mischief, and lead to inextricable confusion, in the prosecution of work upon our public buildings.

The Court are unanimous in the opinion that the writ must be denied.

Writ denied.

*M. M. Sessions*, for relator.